IN THE UNITED STATE DISTRICT COURT
NOTHERN DUSTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE HOGAN | ) | |
| 138 Greison Trail, Apt # 7102 | ) | |
| Newnam, GA  30263 | ) | CASE NO.  1:20-CV-00721 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| -vs- | ) | JUDGE  PAMELA A. BARKER |
| | ) | |
| CITY OF SHEFFIELD LAKE | ) | |
| 609 Harris Road | ) | |
| Sheffield Lake, Ohio  44054 | ) | **AMENDED COMPLIANT** |
| | ) | (Jury Demand Endorsed Herein) |
| And | ) | |
| | ) | |
| CHIEF TONY CAMPO | ) | |
| in his Official Capacity | ) | |
| as an Employee of the | ) | |
| City of Sheffield Lake | ) | |
| 609 Harris Road | ) | |
| Sheffield Lake, Ohio 44054 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| SERGEANT JAMES MARINER | ) | |
| Individually and in his Official | ) | |
| Capacity as an Employee of the | ) | |
| City of Sheffield Lake | ) | |
| 609 Harris Road | ) | |
| Sheffield Lake, Ohio 44054 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| PATROLMAN LINKOUS | ) | |
| Individually and in his Official | ) | |
| Capacity as an Employee of the | ) | |
| City of Sheffield Lake | ) | |
| 609 Harris Road | ) | |
| Sheffield Lake, Ohio 44054 | ) | |
| | ) | |
| And | ) | |

1

|  | ) |
| UNKNOWN OFFICERS OF THE | ) |
| SHEFFIELD LAKE POLICE DEPT. | ) |
| Individually and in their Official | ) |
| Capacity as Employees of the | ) |
| City of Sheffield Lake | ) |
| 609 Harris Road | ) |
| Sheffield Lake, Ohio 44054 | ) |
|  | ) |
| Defendants. | ) |

**INTRODUCTION**

1. This is a civil rights action stemming from an incident which occurred in the City of Sheffield Lake, Ohio on March 17, 2019.  On the aforementioned date Plaintiff was arrested by Sheffield Lake Police Department (SLPD) Officers, Sergeant James Mariner ("Mariner") and Patrolman Linkous ("Linkous").  After Mariner and Linkous ("Officers") arrested and handcuffed Plaintiff, Officers assaulted, battered and struck Plaintiff in the leg with such force that Officers tore Plaintiff's anterior cruciate ligament (ACL) completely in half and also tore Plaintiff's cartilage in the same leg.  Plaintiff has since had surgery for the aforementioned injuries.  On the aforementioned date, either Mariner or Linkous kicked Plaintiff's leg while placing Plaintiff into a police cruiser while the other SLPD officer restrained Plaintiff and did nothing to protect Plaintiff.  The previously mentioned assault upon Plaintiff directly caused the aforementioned injuries. Officers assaulted Plaintiff after they had handcuffed Plaintiff and while Officers physically restrained Plaintiff.  Subsequent to the assault of Plaintiff, Mariner and Linkous and other unknown officers of SLPD unnecessarily and outrageously ridiculed, harassed, bullied and annoyed Plaintiff while Plaintiff was in the police cruiser and later at the police station.  Plaintiff seeks compensatory damages, punitive damages, attorney fees and costs incurred in this action.

2. Plaintiff asserts claims under Title 42, §1983 of the United States Code for     violations of her right to be free from unreasonable searches, seizures and excessive force under the protection of the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. Plaintiff asserts a §1983 claim against Defendant City of Sheffield Lake, Ohio (hereinafter "City") for failure to properly train and/or supervise its police officers and for promulgating customs, policies, and/or supervise its police officers, and for procedures which proximately caused the violation of Plaintiffs federal and state constitutional rights, all under the authority of *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978).

4. Plaintiff asserts pendant state law claims for gross negligence, reckless/negligent supervision, intentional infliction of emotional distress, reckless infliction of emotional distress and reckless/negligent hiring.

**JURISDICTION AND VENUE**

5.  Jurisdiction is conferred on this Honorable Court by 28 U.S.C. §§1331 and 1343 which together confer original jurisdiction on Federal District Courts in matters to redress the deprivation of rights, privileges, and immunities under the United States Constitution.

6.  Pendant jurisdiction over state law claims is confirmed by 28 U.S.C. §1367.

7.  The incident occurred in Lorain County, Ohio, Sheffield Lake. Venue is placed in the Eastern Division, Cleveland Divisional Office of the United States District Court for the Northern District of Ohio Pursuant to 28 U.S.C. §1391(b) and Local Rules of the United States District Court for the Northern District of Ohio, Eastern Division. Lorain County Court of Common Pleas, Elyria, Ohio is also a proper venue pursuant to 28 U.S.C. §1367.

8.  At all times relevant to this complaint, Defendants acted under color and pretense of law, to wit: under color of the states, ordinances, regulations, customs and usages of the State of Ohio and City and the County of Lorain.

9.  At all times relevant to this complaint, Defendants engaged in the illegal conduct herein mentioned to the injury of Plaintiff, and deprived Plaintiff of her rights, privileges and immunities secured to her by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States and the State of Ohio.

10. All Defendants are "persons" for purposes of U.S.C. §1983.

**PARTIES**

11. At all times relevant, Plaintiff was a citizen of the United States of America, residing in the City of Sheffield Lake.  Subsequent to the incident herein, Plaintiff moved to the State of Georgia.

12. City is, and all times relevant hereto, was a municipal corporation, duly organized as a chartered subdivision of the State of Ohio, located in the City of Sheffield Lake, with the capacity to sue and be sued.  One subdivision of City is the City Police Department ("Department").  City employs, pays compensation for, controls, supervises and directs all personnel of City and Department, including without limitation the individually named Defendants.

13. Defendant, Chief Tony Campo, ("Campo") is and was at all times relevant, the Chief of Police for City.  At all times relevant, Campo was a policy maker for City, charged with the non-delegable duty to adequately and properly train and supervise police officers employed by City.

14. Defendant Sergeant James Mariner ("Mariner") is and was a police officer employed by City, acting under the color of law within the course and scope of his employment. Mariner is sued herein in his individual and official duties.

15. Defendant Patrolman Linkous ("Linkous") is and was a police officer employed by City, acting under the color of law within the course and scope of his employment.  Linkous is sued herein in his individual and official duties.

16. Unknown officers of the City Police Department, who were  police officers employed by City, acting under color of law within the course and scope of their employment who are unknown at this time and who were at the City Police Department when Plaintiff was taken to said station.  The aforementioned unknown officers unnecessarily and outrageously ridiculed, harassed, bullied and annoyed Plaintiff and are sued herein in their individual and official capacity.

17. Defendants Campo, Mariner, Linkous and other unknown officers are and were police officers employed by City, acting under the color of law within the course and scope of their employment.  The aforementioned Defendants are sued herein in their individual and official duties.

18. Whenever and wherever reference is made in the complaint to any act by City, Department, Officers/City employees or individuals, such allegations and reference shall also be deemed to mean the acts and failures to act of City, Department, Officers/City employees and individuals (Defendants) acting individually, jointly or severally.

   **FACTS**

19. On March 17, 2019 Plaintiff was in her home at 541 Parkview, Sheffield Lake, Ohio ("Home").

20. Mariner and Linkous were dispatched to Plaintiff's Home in regards to a domestic dispute.

21. Mariner and Linkous arrived at the Home and questioned everyone that was present. Plaintiff was charged with Domestic violence, ORC 2919.25(C), a Misdemeanor of the Fourth Degree; and, Resisting Arrest ORC 2921.33(A), a Misdemeanor of the Second Degree.  Plaintiff was arrested on the scene and subsequently Plaintiff pleaded no contest to the aforementioned Domestic Violence and the Resisting Arrest charge was dismissed.

22. Plaintiff allegedly resisted arrest in the Home when police decided to arrest Plaintiff for domestic violence.  However, Mariner and Linkous managed to restrain and handcuff Plaintiff while Plaintiff was still in her home.  Plaintiff was unharmed at that time.

23. Plaintiff was allegedly verbally abusive to officers.

4

24. After Plaintiff was handcuffed and while officers escorted Plaintiff out of her front door toward their cruiser, Plaintiff let her body go limp and fell to the floor of her front porch. Plaintiff did not complain of any injuries at that time.  The aforementioned incident is recorded on video and audio.

25. After Mariner and Linkous had escorted Plaintiff out of sight of the video recorder, and were placing Plaintiff in the back of a cruiser, either Mariner and Linkous kicked Plaintiff's leg tearing her ACL and cartilage while the other officer restrained Plaintiff and did nothing to intervene.

26. At the time that Plaintiff was injured, there is no video but there is audio of Plaintiff loudly complaining that either Mariner and/or Linkous had broken her leg.

27. Plaintiff is heard on audio complaining about Mariner and Linkous breaking her leg on the way to the police station.  Mariner and Linkous ridiculed Plaintiff and ignored her pleas for help on said ride.

28. When Plaintiff arrived at the City Police Department, Plaintiff continued to complain on audio recording that her leg had been broken by Mariner and/or Linkous.

29. Once Mariner and Linkous arrived at the station with Plaintiff, and while still in the sallyport, Unknown Officers, members of the City Police Department, can be heard on the audio recording while they ridiculed, bullied, taunted, insulted and made fun of Plaintiff.

30. After being processed, Plaintiff was taken by City Police to the emergency room where Plaintiff was diagnosed with a sprained leg.

31. Plaintiff subsequently went to a doctor and was diagnosed with a torn ACL and a torn cartilage.

32. Plaintiff has since been operated on in an attempt to repair the aforementioned damage to her leg.

33. Most of the above occurrences were recorded on an audio and video format; however, there is only audio when Plaintiff's leg was injured.

34. At no time during the assault on Plaintiff by the officers, did either Mariner, Linkous and/or Unknown Officers attempt to intervene to stop the excessive force being used on Plaintiff or attempt to help Plaintiff.

35. Mariner and Linkous acted with deliberate indifference to the excessive force used on Plaintiff.

36. Mariner and Linkous acted maliciously and intentionally.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983 Against Defendants Mariner and Linkous for Excessive Force in Violation of the Fourth Amendment)

37. Plaintiff re-alleges each and every allegation contained in the preceding paragraphs of his complaint as if fully rewritten herein and further states and alleges as follows:

38. At the aforementioned times and places, Mariner and Linkous, (collectively, "Officers") acting under color of law and within the course and scope of their employment as police officers with the City, used unnecessary, unseasonable, outrageous, and excessive force on Plaintiff in violation of her rights guaranteed by the Fourth Amendment.

39. Officers' use of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

40. Faced with the circumstances present at the aforementioned times and places, reasonably prudent law enforcement officers/personnel would or should have known the use of force described herein violated Plaintiff's clearly established Fourth Amendment rights to be free from unreasonable and excessive uses of force and seizures.

41. As a direct and proximate result of Officers' use of force in violation of Plaintiff's Fourth Amendment rights, Plaintiff sustained economic and non-economic damages, including, but not limited to, loss of employment, physical injury and physical and emotional pain and suffering which will continue into the future.

   **WHEREFORE**, Plaintiff prays for judgment against Officers, jointly, severally and individually, for:

   a. Compensatory damages in an amount that will fully and fairly compensate plaintiff for her injury, damage and loss in excess of $25,000;
   b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein in excess of $100,000;
   c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and
   d. All such other relief which the Court deems appropriate.

## SECOND CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

42. Plaintiff re-alleges each and every allegation contained in the preceding paragraphs of his complaint as if fully rewritten herein and further states and alleges as follows:

43. At the aforementioned times and places, Mariner and Linkous, (collectively, "Officers") and Unknown Officers acting under color of law and within the course and scope of their employment as police officers with City, intentionally bullied, harassed and annoyed Plaintiff.

6

44. The Defendants' intended to cause Plaintiff serious emotional distress.

45. The Defendants' conduct was extreme and outrageous.

46. Defendants' conduct was the proximate cause of Plaintiff's serious emotional distress.

47. The unnecessary, unreasonable, outrageous, and excessive bullying, harassing and annoyance, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

48. Faced with the circumstances present at the aforementioned times and places, reasonably prudent law enforcement officers/personnel would or should have known the described unnecessary, unreasonable, outrageous, and excessive bullying, harassing and annoyance, herein would directly cause Plaintiff emotional distress.

49. As a direct and proximate result of Officers' unnecessary, unreasonable, outrageous, and excessive bullying, harassing and annoyance, Plaintiff sustained economic and non-economic damages, including, but not limited to, psychological injury and emotional pain and suffering which will continue into the future.

> **WHEREFORE**, Plaintiff prays for judgment against Campo, City and Officers jointly and severally for:
>
> a. Compensatory damages in an amount that will fully and fairly compensate plaintiff for her injury, damage and loss in excess of $25,000;
> b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein in excess of $100,000;
> c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and
> d. All such other relief which the Court deems appropriate.

## THIRD CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress)

50. Plaintiff re-alleges each and every allegation contained in the preceding paragraphs of his complaint as if fully rewritten herein and further states and alleges as follows:

51. At the aforementioned times and places, Mariner and Linkous, (collectively, "Officers") and other Unknown Officers acting under color of law and within the course and scope of their employment as police officers with City, negligently bullied, harassed and annoyed Plaintiff.

52. At the aforementioned times and places, Mariner and Linkous and other Unknown Officers acted with conscious disregard of or indifference to a known or obvious risk of causing Plaintiff's Emotional distress.

7

53. The officers' conduct was substantially greater than negligent conduct.

54. The Plaintiff experienced a real or danger.

55. The Defendants' conduct recklessly and/or intentionally caused the dangerous incident that Plaintiff experienced.

56. Defendants' conduct was the proximate cause of Plaintiff's serious and    reasonably foreseeable emotional distress.

57. The Defendants' conduct was extreme and outrageous.

58. Defendants' conduct was the proximate cause of Plaintiff's serious emotional distress.

59. The unnecessary, unreasonable, outrageous, and excessive bullying, harassing and annoyance, as described herein, constitutes at the very least negligence.

60. Faced with the circumstances present at the aforementioned times and places, reasonably prudent law enforcement officers/personnel would or should have known the described unnecessary, unreasonable, outrageous, and excessive bullying, harassing and annoyance, herein directly caused Plaintiff emotional distress.

61. As a direct and proximate result of Officers' unnecessary, unreasonable, outrageous, and excessive bullying, harassing and annoyance, Plaintiff sustained economic and non-economic damages, including, but not limited to, psychological injury and emotional pain and suffering which will continue into the future.

   **WHEREFORE**, Plaintiff prays for judgment against Campo and City, and Officers jointly and severally for:

   a.  Compensatory damages in an amount that will fully and fairly compensate plaintiff for her injury, damage and loss in excess of $25,000;
   b.  Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein in excess of $100,000;
   c.  Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and
   d.  All such other relief which the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF

(42 U.S.C. § 1983 Against City and Campo and Officers for Customs
and Policies Causing Constitutional Violations)

62. Plaintiff re-alleges each and every allegation contained in the preceding paragraphs of her complaint as if fully rewritten herein and further states and alleges as follows:

63. On information and belief, Mariner and Linkous and other Unknown Officers have a history of violating citizens' constitutional rights, using excessive force, making warrantless searches, entries, and arrests without probable cause, and arresting and

8

charging citizens with criminal offenses which are not supported by probable cause, which Campo and City are, and were at all times relevant, aware.

64. On information and belief, Campo and City failed to adequately and properly supervise Mariner and Linkous and other Unknown Officers.

65. Campo and City ratified the conduct of Mariner and Linkous described herein.

66. On information and belief, Campo and City implemented customs and policies for training and supervision of City's police officers on the use of force, warrants, entries, searches, seizures, lawful arrests, and criminal prosecution/pursuing criminal charges supported by probable cause that, on their face, violate the Fourth and Fourteenth Amendments. Alternatively, on information and belief, Campo and City implemented otherwise facially valid customs and policies in such a manner that constitutional violations were likely to be and were visited upon residents and/or visitors of City, including Plaintiff.

67. As a direct and proximate result of Campo and City's customs and policies described herein, which violate the Fourth and Fourteenth Amendments on their face, or otherwise are applied in such a manner that Fourth and Fourteenth Amendment violations are likely to and do occur, Plaintiff sustained economic and non-economic damages, including, but not limited to, loss of time from work, medical bills, physical injury and physical and emotional pain and suffering which will continue into the future.

>   **WHEREFORE**, Plaintiff prays for judgment against Campo, City and Officers jointly and severally for:
>
>   a.   Compensatory damages in an amount that will fully and fairly compensate plaintiff for her injury, damage and loss in excess of $25,000;
>   b.   Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein in excess of $100,000;
>   c.   Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and
>   d.   All such other relief which the Court deems appropriate.

## FIFTH CLAIM FOR RELIEF

(Gross Negligence)

68. Plaintiff re-alleges each and every allegation contained in the preceding paragraphs of her complaint as if fully rewritten herein and further states and alleges as follows:

69. At all times relevant hereto, Mariner and Linkous were under a duty to refrain from engaging in acts or omissions so reckless as to demonstrate a substantial lack of concern and conscious disregard for whether an injury results.

70. Mariner and Linkous owed Plaintiff a duty not to conduct themselves in a grossly negligent manner.

9

71. Mariner and Linkous breached that duty by acting willfully, wantonly and in reckless disregard for the safety of Plaintiff and without any provocation or legal justification, thereby acting grossly negligent.

72. As a direct result of the actions of Mariner and Linkous, Plaintiff sustained the injuries set forth above.

73. Plaintiff should be granted punitive damages because Mariner and Linkous acted negligently, with wanton and reckless disregard of federal and state laws.

    **WHEREFORE**, Plaintiff prays for judgment against Officers, jointly, severally, and individually for:

    a.  Compensatory damages in an amount that will fully and fairly compensate plaintiff for her injury, damage and loss in excess of $25,000;
    b.  Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein in excess of $100,000;
    c.  Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and
    d.  All such other relief which the Court deems appropriate.

## SIXTH CLAIM FOR RELIEF

(Negligent Retention and / or Supervising)

74. Plaintiff re-alleges each and every allegation contained in the preceding paragraphs of her complaint as if fully rewritten herein and further states and alleges as follows:

75. At all times relevant, Mariner and Linkous were employed as police officers of City.

76. At all times relevant, Mariner and Linkous were incompetent to serve as police officers as they have a history of violating the constitutional rights of citizens, using excessive force, and making warrantless searches and arrests without probable cause.

77. At all times relevant, Campo and City had actual or constructive knowledge of Mariner and Linkous incompetence, and knew or should have known, they were incompetent to serve as police officers.

78. Campo and City owed a duty to protect and ensure the safety of Plaintiff.

79. Mariner and Linkous negligent acts and/or omissions, were a direct and proximate cause of Plaintiff's injuries and damages.

80. Campo and City were negligent in retaining and/or supervising Mariner and Linkous.

81. Campo and City's negligence in retaining and/or supervising Mariner and Linkous were direct and proximate causes of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff prays for judgment against Campo, City and Officers jointly and severally, for:

    a.  Compensatory damages in an amount that will fully and fairly compensate plaintiff for her injury, damage and loss in excess of $25,000;

    b.  Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein in excess of $100,000;

    c.  Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and,

    d.  All such other relief which the Court deems appropriate.

## SEVENTH CLAIM FOR RELIEF

### (Assault and Battery)

82. Plaintiff re-alleges each and every allegation contained in the preceding paragraphs of her complaint as if fully rewritten herein and further states and alleges as follows:

83. Mariner and Linkous acted with malice and intentionally caused serious physical injury to Plaintiff.

84. Intentionally causing serious physical injury are the elements of felonious assault.

85. As such, Mariner and Linkous committed the crime of felonious assault against Plaintiff.

86. This intentional act done with malice is an intentional tort.

87. As a direct result of Mariner and Linkous intentional act, Plaintiff suffered conscious pain and suffering.

88. Due to this being an intentional tort done with malice, Plaintiff is entitled to punitive damages.

89. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein are necessary.

**WHEREFORE**, Plaintiff prays for judgment against Campo, Officers and City, jointly and severally, for:

    a.  Compensatory damages in an amount that will fully and fairly compensate plaintiff for her injury, damage and loss in excess of $25,000;

    b.  Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein in excess of $100,000;

    c.  Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    d.  All such other relief which the Court deems appropriate.

## EIGHTH CLAIM FOR RELIEF

11

(Failure to Act)

90. Plaintiff re-alleges each and every allegation contained in the preceding paragraphs of her complaint as if fully rewritten herein and further states and alleges as follows:

91. All Defendants had a duty to protect Plaintiff as sworn police officers.

92. It was foreseeable that the acts of Defendants would cause harm to Plaintiff.

93. It is in the interests of the public that people are protected by officers of the laws.

94. Officers on the scene had a duty to control the conduct of the officers who were assaulting, ridiculing and bullying Plaintiff and said officers did not act to protect Plaintiff but instead exacerbated the situation.

> **WHEREFORE**, Plaintiff prays for judgment against Campo, Officers and City, jointly and severally, for:
>
> a. Compensatory damages in an amount that will fully and fairly compensate plaintiff for her injury, damage and loss in excess of $25,000;
> b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein in excess of $100,000;
> c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and
> d. All such other relief which the Court deems appropriate.

**Respectfully submitted**,

/S/ Anthony Baker
_____
Anthony Baker
Attorney for Plaintiff
5425 Detroit Road, Suite 10
Sheffield Village, Ohio 44054
440-596-9876; Fax:440-934-2018
Email bakera5.tony@yahoo.com

## **EXHIBITS / ATTACHMENTS**

- Transcript – Recording 1

- Transcript – Recording 2

## **JURY DEMAND**

    Plaintiff hereby demands a trial by jury composed of the maximum number of jurors allowed by law.

/S/ Anthony Baker
_____

Anthony Baker
Attorney for Plaintiff

## **REQUEST FOR SERVICE**

   Pursuant to Fed. Civ R. 4 (c) (3), Plaintiff hereby requests service upon the Defendants at the addresses below of the Complaint, applicable attachments / exhibits & Summons to be executed by US Marshal, US Deputy, or the applicable person appointed by this Court upon Defendants

   CITY OF SHEFFIELD LAKE
   609 Harris Road
   Sheffield Lake, Ohio  44054

   CHIEF TONY CAMPO
   in his Official Capacity
   as an Employee of the
   City of Sheffield Lake
   609 Harris Road
   Sheffield Lake, Ohio 44054

   SERGEANT JAMES MARINER
   Individually and in his Official
   Capacity as an Employee of the
   City of Sheffield Lake
   609 Harris Road
   Sheffield Lake, Ohio 44054

   PATROLMAN LINKOUS
   Individually and in his Official
   Capacity as an Employee of the
   City of Sheffield Lake
   609 Harris Road
   Sheffield Lake, Ohio 44054

   UNKNOWN OFFICERS OF THE
   SHEFFIELD LAKE POLICE DEPT.
   Individually and in their Official
   Capacity as Employees of the
   City of Sheffield Lake
   609 Harris Road
   Sheffield Lake, Ohio 44054

        /S/ Anthony Baker
        _____
        Anthony Baker
        Attorney for Plaintiff

14